UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

CALVIN JONES,

                                    Plaintiff,    **COMPLAINT AND JURY DEMAND**

           -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, DEPUTY INSPECTOR ALAN
E. ABEL, POLICE OFFICER CRUZ PEARSALL, Shield
28066, SERGEANT OSCAR A. PAREDES, Shield 03930

MAY 16 2007
DOCKET #

ECF CASE

                                Defendants.

------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a February 17, 2006 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, assault, battery and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and

supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in New York County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. Kelly is sued in his individual and official capacities.

10. Deputy Inspector Alan E. Abel ("Abel") was at all times here relevant the commanding officer of the Central Booking, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within Central Booking, including the other individual defendants. Abel is sued in his individual and official capacities.

11. All other individual defendants were employees of the NYPD, and are sued in their individual capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

2

## NOTICE OF CLAIM

13. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

14. On February 17, 2006, at approximately 7:50 A.M., plaintiff was assaulted and battered and subject to excessive force by defendant officer Pearsall in a cell at 120 Schermerhorn Street, in Brooklyn, New York. Due to the officer's misconduct, plaintiff suffered a head injury that required twelve staples.

15. At all times during the events described above, the defendant officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

16. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

17. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a.    Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b.    Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

e. Physical pain and suffering;

f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and

g. Loss of liberty.

## FIRST CAUSE OF ACTION
### (42 USC § 1983)

18. The above paragraphs are here incorporated by reference.

19. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§6 and 12 of the New York State Constitution.

20. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (MUNICIPAL AND SUPERVISORY LIABILITY)

21. The above paragraphs are here incorporated by reference.

22. The City, Kelly, and Abel are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

4

23. The City, Kelly, and Abel knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

24. The aforesaid event was not an isolated incident. The City, Kelly, and Abel have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on how to avoid excessive use of force. The City, Kelly, and Abel are further aware, from the same sources, that NYPD officers use unbridled force without fear of reprisal and that a "wall of silence" exists between police officers and the municipality regarding consequences for violating citizens' civil rights. The City, Kelly, and Abel fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, the City, Kelly, and Abel have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City, Kelly, and Abel are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

25. The City, Kelly, and Abel have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

5

26. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, Kelly, and Abel to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

27. Defendants the City, Kelly, and Abel have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

28. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the The City, Kelly, and Abel.

## THIRD CAUSE OF ACTION
(ASSAULT)

29. The above paragraphs are here incorporated by reference.

30. Upon approaching, arresting, and striking plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

31. Defendants have deprived plaintiff of his civil, constitutional and statutory rights, conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

32. Plaintiff was damaged by defendants' assault.

## FOURTH CAUSE OF ACTION
(BATTERY)

33. The above paragraphs are here incorporated by reference.

34. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

35. Defendants used excessive and unnecessary force with plaintiff.

6

36. Defendants have deprived plaintiff of his civil, constitutional and statutory rights, conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

37. Plaintiff was damaged by defendants' battery.

## FIFTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

38. All preceding paragraphs are here incorporated by reference.

39. Defendants, acting under color of law, violated plaintiff's rights pursuant to §6 of the New York State Constitution.

40. A damages remedy here is necessary to effectuate the purposes of §6 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## SIXTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

41. The preceding paragraphs are here incorporated by reference.

42. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

43. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's

causes of action;

  B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

  C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
    May 15, 2007

TO: New York City
  Corporation Counsel Office
  100 Church Street, 4th floor
  New York, NY 10007

  Police Commissioner Raymond W. Kelly
  1 Police Plaza
  Room 1406
  New York, NY 10006

  Deputy Inspector Alan E. Abel
  301 Gold Street
  Brooklyn, NY 11201

  Police Officer Cruz Pearsall
  Shield 28066
  81st Precinct
  30 Ralph Avenue
  Brooklyn, NY 11221

  Sgt. Oscar Paredes
  Shield 03930
  Brooklyn Criminal Court
  120 Schermerhorn Street
  Brooklyn, New York 11201

Yours, etc.,

*/s/ Leo G.*

LEO GLICKMAN
Bar #LG3644
Stoll, Glickman & Bellina, LLP
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com